UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT ANNABEL, II,

      Plaintiff,

                                      Civil No. 3:22-cv-12189

JACKSON COUNTY SHERIFF
DEPARTMENT, et al.,

      Defendants.
_____/

## OPINION AND ORDER DENYING THE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING WITHOUT PREJUDICE THE CIVIL RIGHTS COMPLAINT

Plaintiff Robert Annabel, II, who is currently incarcerated at Macomb Correctional Facility, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed without prepayment of fees or costs under 28 U.S.C. § 1915(a)(1) (ECF No. 2). Plaintiff alleges that Defendants Jackson County Sheriff Department, Advanced Heath Care, Inc., Sheriff Gary Schutte, and four deputies unconstitutionally denied him access to mental health treatment while he was confined at the Jackson County Jail. (ECF No. 1.) Because Plaintiff fails to establish the "imminent danger" exception to the "three strikes" provision of the Prison Litigation Reform Act of 1996 (the "PLRA"), the court will deny his application to proceed without prepayment of fees and costs and dismiss the action without prejudice.

## I.  DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute provides, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires the court to dismiss a civil case when a prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court, who has filed at least three prior civil actions or appeals which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Annabel v. Mich. Dep't of Corr.*, No. 1:14-cv-756, 2014 WL 418765, at *1 (W.D. Mich. Aug. 21, 2014) (listing cases and noting that Plaintiff is a three-striker). He is thus barred from proceeding in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff must allege that the threat or prison condition is "real and proximate", and the danger of serious

2

physical injury must exist at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)).

Here, Plaintiff alleges no such facts. His Complaint strictly involves the alleged denial of mental health treatment while he was confined at the Jackson County Jail. Plaintiff is presently confined at Macomb Correctional Facility, where he is receiving treatment. (*See* ECF No. 1, PageID.6.) Allegations of past injury and conclusory allegations are insufficient to satisfy the "imminent danger" exception to the three-strikes rule. *See Vandiver v. Prison Health Svs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (citing *Rittner*, 290 F. App'x at 797-98; *Taylor v. First Med. Mgt.*, 508 F. App'x 488, 492 (6th Cir. 2012)); *see also Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009) (holding that there must be some nexus between the alleged imminent danger and the legal claims in the complaint); *Andrews v. Cervantes*, 493 F.3d 1047, 1053-54 (9th Cir. 2007); *Ciarpaglini,* 352 F.3d at 330; *Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (holding that the prisoner did not meet the imminent danger exception when he no longer faced risk from the defendants due to prison transfer). Accordingly, the Court will deny Plaintiff's application for leave to proceed without prepayment of the filing fee and dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(g).

## II.  CONCLUSION

IT IS ORDERED that Plaintiff's "Application to Proceed in District Court Without Prepaying Fees or Costs" (ECF No. 2) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's "Civil Complaint" (ECF No. 1) is

DISMISSED WITHOUT PREJUDICE.

s/Robert H. Cleland<br>ROBERT H. CLELAND<br>UNITED STATES DISTRICT JUDGE

Dated: October 24, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 24, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner<br>Case Manager and Deputy Clerk<br>(810)292-6522

S:\Cleland\Cleland\NTH\Habeas & Staff Attorney\22-12189.ANNABEL.DismissComplaint.SW.NH.docx