UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT ANNABEL, II,

       Plaintiff,

                                Civil No. 3:22-cv-12189

JACKSON COUNTY SHERIFF
DEPARTMENT, et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION
## FOR RELIEF FROM JUDGMENT

The court has previously denied Plaintiff Robert Annabel's application to proceed without prepayment of fees and costs under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"). On November 7, 2022, Plaintiff has filed his "Rule 60(b)(6) Motion for Relief of Judgment." (ECF No. 6.) The motion will be denied.

At the heart of Plaintiff's motion is his disagreement with the court's finding that he has had at least three "strikes." He quarreled with the reference to *Annabel v. Mich. Dep't of Corr.*, No. 1:14-cv-756, 2014 WL 418765, at *1 (W.D. Mich. Aug. 21, 2014), in which the court stated that "Plaintiff previously has filed at least three actions that were dismissed because they were frivolous, malicious, failed to state a claim, or sued defendants who were immune from suit." Instead, he directs the court to *Annabel v. Ericson*, et al., Case No. 15-cv-10345 (E.D. Mich. Feb. 1, 2016) (ECF No. 16), in which the court only found two "strikes." Slip op. at 3-5, PageID.135-237 (referring to *Annabel v. Shertz*, No. 2:07-cv-30, 2007 WL 1455913 (W.D. Mich. May 16, 2007) and *Annabel v.*

*Michigan Dep't of Corr.*, No. 1:14-cv-756, 2014 WL 4187675 (W.D. Mich. Aug. 21, 2014)).

Since *Ericson*, at least one other dismissal of Plaintiff's *pro se* civil rights complaints qualifies as a strike. Particularly, in *Annabel v. Heyns, et al.*, Case No. 12-cv-13590 (E.D. Mich.), the court found that Plaintiff failed to state a failure to accommodate claim against one of the individual defendants. *Id,* ECF No. 24, slip op. at 11-12, PageID.596-97. This is a 28 U.S.C. 1915(g) reason. The rest of that action was dismissed on non-1915(g) grounds, including failure to exhaust and summary judgment. *Id.*, ECF No. 131; *see also Annabel v. Heyns*, No. 16-2398, 2018 WL 4870866, at *1-2 (6th Cir. Apr. 10, 2018). Thus, Plaintiff "bears the burden of proving that the entire action did not fall under §1915(g) by showing that claims dismissed without prejudice were not frivolous, malicious, or failed to state a claim." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 496-97 (6th Cir. 2012); *cf. Annabel v. Ericson*, et al., Case No. 15-cv-10345 (E.D. Mich. Feb. 1, 2016) (ECF No. 16). As Plaintiff is not entitled to the benefit of the doubt, the dismissal in *Heyns* counts as a strike. *Id.*

Because the court did not err in finding that Plaintiff falls within the three-strike provision, Plaintiff is not entitled for relief of judgment.

Accordingly, IT IS ORDERED that "Plaintiff's Rule 60(b)(6) Motion for Relief of Judgment" (ECF No. 6) is DENIED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: December 2, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 2, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810)292-6522

S:\Cleland\Cleland\NTH\Civil\22-12189.ANNABEL.ReliefJudgment.NH.docx