UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WAYNE
ANNABEL, II,

        Plaintiff,

v.

JACKSON COUNTY
SHERIFF DEPARTMENT,
*et al.*,

        Defendants.

Case No. 2:22-cv-12189
District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER DENYING PLAINTIFF'S RULE 12(f) MOTION TO STRIKE THE JACKSON COUNTY DEFENDANTS' REPLY (ECF No. 52)**

Plaintiff has filed a Rule 12(f) motion (ECF No. 52) to strike the Jackson County Defendants' March 14, 2024 reply brief (ECF No. 46). Plaintiff claims that Defendants failed to serve him with their reply brief in connection with their pending motion for judgment on the pleadings (ECF No. 41), that Plaintiff did not discover this until he much later saw it on the Court's electronic docket, and that the reply should accordingly be stricken as "scandalous" because Defendants "*scandalously* failed to serve him…." (ECF No. 52, Page ID.581 (emphasis added).) Plaintiff's motion (ECF No. 52) is **DENIED** for several reasons.

First, Fed. R. Civ. P. 12(f) does not apply to motion papers, but only to "pleadings." Pleadings are defined in Fed. R. Civ. P. 7(a) and do not include

motion papers, as pleadings are set off *in contrast against* "motions and other papers" in section 7(b).  See *Hrubec v. National R.R. Passenger Corp.*, 829 F. Supp. 1502, 1506 (N.D. Ill. 1993) (defendant's motion not a pleading).

Second, failing to serve an opponent does not equate with scandalous material.  Instead, a statement may be stricken as "scandalous" only when it contains an allegation "that unnecessarily reflects on the moral character of an individual or states anything *in repulsive language* that detracts from the dignity of the court." *D.C. Circuit Cobell v. Norton*, 224 F.R.D. 1, 5 (D.D.C. 2004) (emphasis added).  *See also*, *In re 2TheMart.com Secs. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) ("scandalous" includes allegations that cast "a cruelly derogatory light on a party or other person"); 2 *Moore's Federal Practice* § 12.37[3].

Third, the docket shows that Defendants did, in fact, serve their reply brief on Plaintiff on March 14, 2024, the same day it was docketed, at the correct address, which the Court takes at face value.  (ECF No. 46, PageID.465 [certificate of service]; *see also* ECF No. 43 [prior notice of change of address/contact information].)  Perhaps the document got lost in the mail to Ionia Correctional Facility (ICF) or within the prison system after it was duly received by prison officials at ICF.

Fourth, even if the reply brief had not been properly served or was otherwise not received, Plaintiff acknowledges that he discovered its existence on May 22, 2024, when he reviewed a docket sheet for this case (ECF No. 51 [Plaintiff's Declaration]), and, even if he had not become aware of its existence, the briefing was complete once the reply was filed. A sur-reply would only have been permitted if, after reviewing the reply, the Court had requested one, as made clear in the Court's Local Rules and my publicly available Practice Guidelines for Motion Practice. *See* E.D. Mich. LR 7.1(d)(1). https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=51 ("Additional briefing, including sur-replies, will NOT be permitted unless requested by the Court. The Court will strike any improperly filed sur-replies or other briefing not contemplated by the Local Rules."). The Court made no such request. It is, therefore, hard to see what prejudice Plaintiff would have suffered even if he had *not* received the reply brief in question. Nonetheless, in an abundance of caution, Defendants are directed to re-serve their March 14, 2024 reply brief (ECF No. 46), again file proof of the same with the Court, and scrupulously make sure that all future filings in this case are properly served on Plaintiff.

It is **SO ORDERED**.[1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a

Dated: June 7, 2024                    s/*Anthony P. Patti*
                                       ANTHONY P. PATTI
                                       UNITED STATES MAGISTRATE JUDGE

---

period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).