UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL II,

    Plaintiff,

v.

JACKSON COUNTY SHERIFF
DEPARTMENT et al.,

    Defendants.

Case No. 22-12189
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER ADOPTING REPORT AND RECOMMENDATION [63], GRANTING ACH'S MOTION TO DISMISS [34], GRANTING IN PART AND DENYING IN PART DEFNDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [41], AND DENYING WITHOUT PREJUDICE ANNABEL'S MOTION TO AMEND HIS COMPLAINT [36]**

Robert Annabel II is currently serving a life sentence at the Ionia Correctional Facility. He has brought numerous *pro se* lawsuits while incarcerated there, including this one—which stems from his May 23, 2022, arrest and subsequent alleged events at the Jackson County Jail. Annabel sued the Jackson County Sheriff Department, Advanced Correctional Healthcare, Inc., Sheriff Gary Schutte, Deputy Ryan Steverson, and three unknown deputies.

All pretrial matters were referred to Magistrate Judge Anthony P. Patti. (ECF No. 20.) In time, the JCSD, Gary Schutte, and Deputy Steverson moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (ECF No. 41), Annabel moved to amend his complaint (ECF No. 36), and Advanced Correctional Healthcare moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 34). On

June 26, 2024, Judge Patti issued a report and recommendation addressing each of these motions. (ECF No. 63.) Annabel filed one objection to this recommendation (ECF No. 67) and Advanced Correctional Healthcare responded (ECF No. 68). The magistrate judge's recommendations, Annabel's objection, and ACH's response are now before the Court.

For the following reasons, the Court will adopt the report and recommendation in full.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

II.

A.

Start with the recommendations for which no objections were filed—Annabel's motion for leave to amend and JCSD, Schuette, and Steverson's motion for judgment on the pleadings.

At the conclusion of his report and recommendation, Judge Patti notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 63, PageID.746.) As mentioned, Annabel filed only one objection relating to ACH's motion to dismiss. (ECF No. 67, PageID.783.) He did not raise any objection to Judge Patti's recommendations regarding the motion for judgment on the pleadings or his motion to amend his complaint. Defendants also did not file any objections to the report and recommendation. And the time to do so has passed.[1]

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established

---

[1] As stated above, the objection period is 14 days. Since Annabel was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). And the prison mailbox rule also applies, so Annabel's objections would be considered filed when he delivered them to prison authorities for mailing. Thus, any objections delivered for mailing later than July 13 would be untimely. Waiting the 17-day objection period and allowing some time for the Court to receive objections that Annabel may have mailed, it has now been over 30 days since the Report was served on the parties, and Annabel has filed only one objection.

3

in the Sixth Circuit that "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). As the Supreme Court explained in *Thomas v. Arn*, the Sixth Circuit's waiver-of-appellate-review rule rests on the assumption that the parties' failure to object to a Magistrate Judge's report and recommendation is a procedural default "waiving review even at the district court level." 474 U.S. at 149; *see also Garrison*, 2012 WL 1278044, at *8 ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Supreme Court further held that this rule does not violate either the Federal Magistrates Act or the Federal Constitution. *Thomas*, 474 U.S. at 155.

Here, the parties have waived further review of several portions of the report and recommendation.

More specifically, Judge Patti recommended that JCSD be dismissed because it is "not a legal entity capable of being sued in a 42 U.S.C. § 1983 action." (ECF No. 63, PageID.745 (quoting *May-Shaw v. City of Grand Rapids*, No. 19-117, 2019 WL 2265076, at *3 (W.D. Mich. May 28, 2019).) But he allowed Annabel's claims against the individual defendants to proceed. (*Id.* at PageID.746.) Neither Annabel nor any of the defendants objected to this recommendation, so the Court adopts Judge Patti's recommendation and dismisses the claims against JCSD.

Judge Patti also recommended that the Court deny Annabel's motion to amend his complaint without prejudice while it considers the motions to dismiss. (*Id.* at PageID.721.) Annabel did not object to this recommendation. So the Court will adopt

4

it. As Judge Patti noted, Annabel may "renew his request to amend," if he chooses to, after the Court rules on AHC's motion to dismiss. (*Id.* at PageID.722.) Which it will do now because it pertains to the one objection Annabel did raise.

B.

Some background is helpful before addressing Annabel's objection. Liberally construed, Annabel brought a *Monell* claim against ACH under two main theories: (1) that ACH failed to train its employees and (2) that it lacked a policy or procedure for completing mental health screenings. (ECF No. 63, PageID.724; *see also* ECF No. 34, PageID.139–140; ECF No. 39, PageID.216.) Judge Patti ruled that Annabel failed to state a claim under both theories. (ECF No. 63, PageID.724–733.) On failure to train, Judge Patti ruled that Annabel had not adequately pled any actions of ACH employees from which the Court could assess the adequacy of their training, and had not met the high bar of showing that his individual situation demonstrated an obvious risk that ACH should have been aware of. (*Id.* at PageID.724–727.) And on his second argument, Judge Patti ruled that Annabel could not make out a policy or custom claim because he alleged only a single incident. (*Id.* at PageID.728–731.)

Annabel's objection merely disagrees with these findings, so the Court need not review it in depth. *See Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) ("A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or

5

simply 'object[] to the report and recommendation and refer[] to several of the issues in the case.'" (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995))).

Judge Patti correctly ruled that a single incident can only support a *Monell* claim under a "failure to train" theory of liability—not under an "unofficial policy or custom" theory. (ECF No. 68, PageID.799.) *Compare Thomas v. City of Chattanooga*, 398 F.3d 426, 434 (6th Cir. 2005) (granting summary judgment on § 1983 claim under "unofficial policy or custom" theory in favor of municipal defendant because plaintiff did not "reach beyond the facts of [plaintiff's] case to show any possibility of a pattern"), *with City of Canton v. Harris*, 489 U.S. 378, 390 (1989) (finding that a plaintiff may succeed on a *Monell* claim under a "failure to train" theory when a single incident results in a constitutional violation so obvious that it can demonstrate constructive notice to municipality of the need for more training). *See also Stewart v. City of Memphis*, 788 F. App'x 341, 347 (6th Cir. 2019) ("Arguing that 'one instance of potential misconduct' is evidence of a clear and persistent pattern is a 'path to municipal liability [that] has been forbidden by the Supreme Court.'" (citation omitted)). So the single incident Annabel alleges cannot support a finding that ACH had an unofficial policy of deliberate indifference to constitutional violations.

Furthermore, as Judge Patti explained, the facts that Annabel alleges cannot support a "failure to train" theory of *Monell* liability either. (ECF No. 63, PageID.725.) Indeed, Annabel's complaint makes no mention of ACH staff, their actions, or their training that allegedly led to his rights being violated. He discusses only government employees. (ECF No. 34, PageID.140.) Without any allegations as to the adequacy or

6

inadequacy of ACH's training, Annabel's contention that the risk to him was so likely to result in a constitutional violation that a single incident is sufficient, fails to state a *Monell* claim. *See Harris v. City of Saginaw,* 62 F.4th 1028, 1039 (6th Cir. 2023) (noting that only a "narrow range of circumstances" fit within the single-incident theory and that an actor who receives even "some training on the constitutional subject matter" does not present "the same 'highly predictable' constitutional danger" that the single-incident theory aims to prevent).

Annabel resists this conclusion by arguing that Judge Patti failed to consider two medical records attached to his motion to dismiss that he believes show ACH's lack of adequate medical care and that it was "acting in concert with Jackson County defendants to harass mentally ill Plaintiff" and to "cover [it] up." (ECF No. 67, PageID.784; *see* ECF No. 45, PageID.451–452.) These records, say Annabel, were "generated by ACH employees while he was in the restraint chair" and show "his blood pressure . . . and temperature remained identical" in two readings—something he calls "scientifically impossible." (ECF No. 67, PageID.784; *see also* ECF No. 45, PageID.385 ("He was placed in a restraint chair for several hours, in which Defendant Advanced Health Care falsely reported that it had checked his condition twice and that his health readings remained exactly the same, a scientific impossibility.").)

These records do not show any error in Judge Patti's ruling on ACH's motion to dismiss. First, these records were not attached to nor mentioned in the complaint and thus, cannot be considered on a Rule 12(b)(6) motion. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Second, these records have nothing

7

to do with a lack of training. And lastly, even if the Court considered these two medical records as part of the allegations and took them as true, they do not reveal something that is "scientifically impossible." It could be that blood pressure and temperature readings taken from the same person relatively close in time would be the same. The Court also notes that these medical records are not only identical in their blood pressure and temperature readings, they are identical in every way. (*See* ECF No. 45, PageID.451–452.) So it could be that these records are simply duplicates, i.e., that ACH produced two copies of the same record or that Annabel attached duplicate copies of the same record. At bottom, these medical records do not plausibly establish a *Monell* claim against ACH, and Judge Patti properly granted ACH's motion to dismiss.

Annabel raises one final argument in objection. He says that "[l]imited discovery against ACH should have been allowed." (ECF No. 67, PageID.785.) But as Judge Patti noted, "[a] plaintiff is generally not entitled to discovery before a motion to dismiss has been decided." (ECF No. 63, PageID.732 (citing *Greve v. Bass*, No. 16-372, 2017 WL 387203, at *2 (M.D. Tenn. Jan. 27, 2017))); *see also In re Flying J Rebate Cont. Litig. (No. II),* No. 14-2515, 2014 WL 3611299, at *1 (E.D. Ky. July 21, 2014) ("Unless a plaintiff's complaint can survive a motion to dismiss, 'he is not entitled to discovery, cabined or otherwise.' (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009))). Indeed, as ACH argued, "[a] court may decide a motion to dismiss on the basis of pleadings alone." (ECF No. 68, PageID.799 (citing *Song v. City of Elyria,* 985 F.2d

8

840, 842 (6th Cir. 1993).) So the Court agrees with Judge Patti's denial of Annabel's request for discovery.

## III.

Accordingly, the Court ADOPTS Magistrate Judge Patti's report and recommendation (ECF No. 63) in full.

ACH's motion to dismiss (ECF No. 34) is GRANTED.

The motion for judgment on the pleadings (ECF No. 41) is GRANTED as to Defendant JCSD and DENIED as to Defendants Gary Schutte and Deputy Steverson. JCSD is DISMISSED from this action.

Annabel's motion to amend his complaint (ECF No. 36) is DENIED WITHOUT PREJUDICE to refiling now that the Court has ruled on the dispositive motions.

SO ORDERED.

Dated: August 26, 2024

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE