UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL II,

       Plaintiff,

v.

JACKSON COUNTY SHERIFF
DEPARTMENT et al.,

       Defendants.
_____/

Case No. 22-12189
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL (ECF NO. 47, 48, 59, 69, 72)

**A.   Background**

Robert Wayne Annabel, II is currently located at the Michigan Department of Corrections (MDOC) Ionia Correctional Facility (ICF), where he is serving a life sentence imposed on May 15, 2024, for a May 23, 2022 offense. *See People v. Annabel*, Case No. 2022-704-FC (Jackson County, 4th Circuit Court); ECF No. 41-1 [Register of Actions]; www.michigan.gov/corrections, "Offender Search."

In September 2022, while located at the MDOC's Macomb Correctional Facility (MRF), Annabel initiated this lawsuit, which stems from his alleged May 23, 2022 arrest – at which time he "was in a six-bedroom house designated for parolees[,]" (ECF No. 45, PageID.402 ¶ 1) – and subsequent alleged events at the Jackson County Jail (JCJ). (Id., ¶¶ 13-23.)  Plaintiff brought this action against the

Jackson County Sheriff Department (JCSD), Advanced Correctional Healthcare, Inc. (ACH), Sheriff Gary Schutte, Deputy Ryan Steverson, and three unknown 3rd shift JCJ deputies. (ECF No. 1, ¶¶ 5-11; see also ECF Nos. 21, 32.)

Plaintiff is proceeding *in forma pauperis*, the U.S. Marshal has facilitated service of process, and Defendants JCSD, Schuette, Steverson, and ACH have appeared via counsel. (ECF Nos. 17, 18, 19, 21, 24, 27, 29, 32.)

The case has been referred to me for "all pretrial proceedings, including a hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 20.) On August 27, 2024, Judge Michelson issued an order adopting my report and recommendation and, among other things, dismissed Defendant ACH. (ECF No. 76.)

Before the Court are five motions to compel filed by Plaintiff (ECF Nos. 47, 48, 59, 69, 72) and an unopposed motion to amend the scheduling order (ECF No. 75). [1] The court heard oral argument on the motions via zoom on September 26, 2024.

---

[1] The Court will address the motion to amend (ECF No. 75) by separate order.

B. Order

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>:

1) <u>Plaintiff's first motion to compel (ECF No. 47) is **GRANTED IN PART AND DENIED IN PART**.</u>

Defendant Ryan Steverson is DIRECTED to supplement Interrogatory No. 17 within two weeks. The motion is denied as to Interrogatory No. 16, directed at Defendant Steverson. Further, Defendant Schuette is DIRECTED to supplement Interrogatory No. 11, 16, &17 within two weeks. All supplemental interrogatory answers directed by this order (or otherwise) must made under oath, as required by Fed. R. Civ. P. 33(b)(3). The motion is denied as to Interrogatory No. 15, directed at Defendant Schuette.

Plaintiff is awarded an apportioned amount of costs (**$10**) to account for his photocopying and postage, as he was largely successful, and the Court finds that Plaintiff should not have been required to file this motion in order to receive discovery responses. *See* Fed. R. Civ. P. 37(a)(5)(C).

2) <u>Plaintiff's second motion to compel (ECF No. 48) is **GRANTED IN PART AND DENIED IN PART**.</u>

As an initial matter, Defendants are DIRECTED to produce the relevant overhead video within two weeks. Next, as to Plaintiff's Fifth Set of

3

Interrogatories to Defendant Steverson, Defendants' objections are overruled in part, and sustained in part. Defendants are DIRECTED to supplement their responses to Interrogatory No. 20 *as to Defendant Steverson's knowledge only*. No further supplementation is required as to Interrogatory No. 19.

As to Plaintiff's Second Request for Production of Documents, Defendants have represented that they have produced all responsive documents as to Request No. 8 and there is no reason the Court has to doubt that. The Court cannot order Defendants to produce more than they say they have. The motion is denied as to Request No. 8. As to Request for Production No. 10, Defendants' objections are overruled as to being unduly burdensome or nonproportional. Defendants are DIRECTED to produce any evidence that has not already been produced, that they are currently aware of, and that they intend to use at trial. As to these and all other discovery addressed in this order, they are reminded of their duty to supplement under Fed. R. Civ. P. 26(e)(1)(A) if and when they become aware of "additional or corrective information [that] has not otherwise been made known to the other parties during the discovery process or in writing."

Plaintiff is awarded an apportioned amount of costs (**$15**) to account for his photocopying and postage, as he was largely successful, and the Court finds that Plaintiff should not have been required to file this motion in order to receive discovery responses. *See* Fed. R. Civ. P. 37(a)(5)(C).

3) <u>Plaintiff's third motion to compel (ECF No. 59) is **GRANTED IN PART AND DENIED IN PART.**</u>

As to Defendant Schuette's answers to Plaintiff's First Request for Admissions, the Court finds Defendant's answers adequate as to Plaintiff's Request Nos. 1, 2, and 6 and no further supplement is required.

Based on counsel's representation on the record, Request No. 3 is **DEEMED ADMITTED.**

As to Defendant Steverson's answers to Plaintiff's Second Request for Admission, the Court finds Defendant's answers adequate as to Plaintiff's Request Nos. 1 and 2 and no further supplement is required.

Based on counsel's representation on the record, Request No. 7 is **DEEMED ADMITTED.**

Finally, Plaintiff served his Sixth Set of Interrogatories and Third Request for Production of Documents on May 3, 2024. Defendants responded to the Third Request for Production of Documents on September 10, 2024, and has yet to respond to the Sixth Set of Interrogatories. Plaintiff admits that he received responses to the Third Request for Production of Documents, so his motion as to those responses is **DEEMED MOOT**. Defendants are DIRECTED to respond to Plaintiff's overdue Sixth Set of Interrogatories within five business days of this order, by **October 3, 2024.** <u>Defendants are admonished that the deadlines set forth</u>

5

in Fed. R. Civ. P. 33-36 are not optional and apply regardless of whether one's opponent is incarcerated.

Plaintiff is awarded an apportioned amount of costs (**$25**) to account for his photocopying and postage, as he was largely successful, and the Court finds that Plaintiff should not have been required to file this motion in order to receive discovery responses. *See* Fed. R. Civ. P. 37(a)(5)(6).

4) Plaintiff's fourth motion to compel (ECF No. 69) is **GRANTED as unopposed**.

Defendants' counsel admitted on the record that Defendants have not responded to Plaintiff's Seventh Set of Interrogatories as to Defendant Schuette, and the Court notes that they have also not responded to this motion. Defendants are DIRECTED to respond to Plaintiff's overdue Seventh Set of Interrogatories within five business days of this order, by **October 3, 2024.**

Because his motion was granted, Plaintiff is awarded costs in the amount of **$4** to account for his photocopying and postage, as requested. *See* Fed. R. Civ. P. 37(a)(5)(A).

5) Plaintiff's fifth motion to compel (ECF No. 72) is **GRANTED IN PART AND DENIED IN PART**.

While the motion is largely denied as moot, it is granted with respect to Plaintiff's request for costs. Defendants have provided (untimely) responses to the discovery at issue in this motion. As to the body cam footage, Defendants' counsel

6

represented on the record that they have produced all the body cam footage in their possession.

Because Defendants did not timely respond to Plaintiff's discovery requests until he filed a motion, Plaintiff is awarded costs in the amount of **$4** to account for his photocopying and postage, as requested. *See* Fed. R. Civ. P. 37(a)(5)(A).

All other holdings stated on the record on the five motions to compel are incorporated by reference. The Court has awarded a total of fifty-eight dollars (**$58**) in costs, and Defendants are DIRECTED to pay Plaintiff within two weeks of this order.

**IT IS SO ORDERED.**[2]

Dated: September 26, 2024           s/*Anthony P. Patti*
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).