UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL II,

                Plaintiff,                    Case No. 22-12189
                                              Honorable Laurie J. Michelson
v.                                   Magistrate Judge Anthony P. Patti

JACKSON COUNTY SHERIFF
DEPARTMENT, *et al.,*

                Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (ECF No. 80) and DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND EXPERT WITNESSES (ECF No. 83)

Currently before the Court are Plaintiff's October 8, 2024 motion to amend complaint (ECF No. 80) and Plaintiff's October 15, 2024 motion for appointment of counsel and expert witnesses (ECF No. 83), as to which the parties have filed lists of resolved / unresolved issues (ECF Nos. 91, 92).

The Court conducted a video conference hearing on these motions on December 11, 2024, at which Plaintiff and Attorney Alexandra Page appeared.

**A.**    **Motion to amend complaint (ECF No. 80)**

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, which are hereby incorporated by reference as though fully restated herein, Plaintiff's motion to amend complaint

(ECF No. 80) is **GRANTED**.  Keeping in mind Plaintiff's on-the-record

withdrawal of proposed Defendant Jackson County, no later than **Friday,**

**December 27, 2024**, Plaintiff **SHALL** *redraft* his proposed amended complaint

(*see* ECF No. 80, PageID.880-897) and file an amended complaint that:  **(a)**

removes Defendants Jackson County Sheriff Department and Advanced

Correctional Healthcare; **(b)** identifies the previously unknown Defendants as

Jacob Sibson, Matthew Wetmore, and Pedro Peraza; **(c)** adds Defendant Sara

Danus, although Plaintiff must elaborate on the proposed amended complaint's

claims against her (*see id.*, PageID.884-885 ¶¶ 17-18) or risk having to defend a

Fed. R. Civ. P. 12(b)(6) motion or having that defendant dismissed *sua sponte* by

the Court under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b); **(d)** includes more

detailed facts – discovered after the original complaint was filed – as a basis of his

claims; and, **(e)** includes the proposed state law tort claims of intentional infliction

of emotional distress, gross negligence, assault & battery, and invasion of privacy

(*see* ECF No. 80, PageID.894 ¶¶ 44-47).

Once Plaintiff's amended complaint is filed, the Court (along with the

USMS) will facilitate service of process upon the newly named Defendants

(Sibson, Wetmore, Peraza[1], Danus) (*see* ECF No. 80, ¶ 2), and, once Danus has

---

[1] Under separate cover, Attorney Page is being ordered to inform the Court
whether she will accept service of process for these first three newly identified
defendants.

appeared, Attorney Page **SHALL** seek a status conference with the Court, at which time either the Court and the parties can discuss the status of the case, including whether it is necessary to reopen discovery only as to Danus (*see* ECF No. 80, ¶ 4), or the Court can address the issue on its own through a limited scheduling order. <u>Nothing in the Order should be construed as amending the existing dispositive motion deadlines for previously named parties</u>.

> **B.     Motion for appointment of counsel & expert witness (ECF No. 83)**

Upon consideration of the motion papers and oral argument, <u>and for all the reasons stated on the record by the Court</u>, which are hereby incorporated by reference as though fully restated herein, Plaintiff's motion is **DENIED WITHOUT PREJUDICE** to the extent it seeks appointment of an expert witness under Fed. R. Evid. 706 and **DENIED WITHOUT PREJUDICE** to the extent it seeks appointment of counsel under 28 U.S.C. § 1915e(1).  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives all dispositive motion practice, proceeds to trial, or other exceptional circumstances demonstrate such a need in the future, and he may petition the Court for appointment of an expert if this case survives summary judgment and is on track to have a trial before Judge Michelson.

**IT IS SO ORDERED.**[2]

Dated:  December 12, 2024

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).