UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL II,

      Plaintiff,

v.

JACKSON COUNTY SHERIFF
DEPARTMENT et al.,

      Defendants.

Case No. 22-12189
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

_____

## ORDER OVERRULING OBJECTIONS [82]

_____

Robert Annabel II is currently serving a life sentence at the Ionia Correctional Facility. He has brought numerous *pro se* lawsuits while incarcerated there, including this one—which stems from his May 23, 2022, arrest and subsequent alleged events at the Jackson County Jail. Annabel sued the Jackson County Sheriff Department, Advanced Correctional Healthcare, Inc., Sheriff Gary Schutte, Deputy Ryan Steverson, and three unknown deputies. All pretrial matters were referred to Magistrate Judge Anthony P. Patti. (ECF No. 20.)

During this litigation, Annabell filed numerous motions to compel responses to his discovery requests. (*See* ECF Nos. 47, 48, 59, 69, and 72.) The Magistrate Judge held a hearing on these motions on September 26, 2024, and granted them in part—including granting Annabell his filing costs. (*See* ECF No. 79.) But the Magistrate Judge also denied them in part, and Annabell filed an objection to the order on October 10, 2024. (ECF No. 82.)

The Magistrate Judge's order resolved a non-dispositive discovery dispute. *See Baker v. Peterson*, 67 F. App'x 308, 311 (6th Cir. 2003). Therefore, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), the Court will uphold the order unless it is "clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 209) (quoting *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d. Cir. 2017)). A factual finding is "'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (citation omitted). "And 'an order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Bisig*, 940 F.3d at 219 (citation omitted).

Relatedly, in deciding discovery disputes, a magistrate judge is entitled to the same broad discretion as a district judge and their order is overruled only upon a finding of an abuse of discretion. *State Farm Mutual Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 255 F. Supp. 3d 700, 703 (E.D. Mich. 2017) *report and recommendation adopted* No. 14-11700, 2017 U.S. Dist. LEXIS 113535, 2017 WL 3116261 (July 21, 2017); *Bill Call Ford, Inc. v. Ford Motor Co.,* 48 F.3d 201, 209 (6th Cir. 1995). An abuse of discretion exists when the court applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact. *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 647 (6th Cir. 1993).

2

On this record, the Court cannot say that the Magistrate Judge's opinion was clearly erroneous, or that he abused his discretion in denying Annabell's motions in part. The Magistrate Judge's written opinion incorporates "the reasons stated on the record" at the motion hearing. (ECF No. 79, PageID.869.) And unfortunately, Annabell did not provide a transcript of the hearing for this Court to evaluate those reasons. "The party filing the objections or appeal from a magistrate judge's ruling has the burden of proving that the decision was clearly erroneous." *Askew v. City of Memphis*, No. 14-02080, 2016 U.S. Dist. LEXIS 54564, *13 (W.D. Ten. April 25, 2016). And Annabell has not met that burden.

But even if Annabell had provided a transcript, the Court would be hard pressed to find that denying further responses to a few specific interrogatories or refusing to impose additional costs was an abuse of discretion. On the whole, the Magistrate Judge's opinion is largely favorable to Annabell. He "admonished" the Defendants for their failure to comply with deadlines (ECF No. 79, PageID.869) and awarded Annabell a total of $58 in costs "as he was largely successful" on each of his motions (*id.* at PageID.867, 870–871). Especially given the broad discretion that judges enjoy in deciding discovery motions, the Court has been given no reason to find abuse of discretion or any error here.

Accordingly, Annabell's objection (ECF No. 82) is OVERRULED. Magistrate Judge Patti's order on Annabell's motions to compel (ECF No. 79) is AFFIRMED.

IT IS SO ORDERED.

Dated: March 27, 2025

3

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE