UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL II,

    Plaintiff,

v.

JACKSON COUNTY SHERIFF
DEPARTMENT et al.,

    Defendants.

Case No. 22-12189
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

---

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [131], ADOPTING REPORT AND RECOMMENDATION [130], AND GRANTING JACKSON COUNTY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [105]**

---

Robert Annabel II is currently serving a life sentence at Ionia Correctional Facility. He has brought seventeen *pro se* lawsuits while incarcerated there, including this one—which stems from various alleged events at the Jackson County jail during a one-week period of his pre-trial detention. (ECF No. 96, PageID.1066.) He alleges that he was denied medication, harassed by an unauthorized cell cleaning, placed in a cell next to a noisy hallway, and not given a mattress. (*Id.* at PageID.1067–1072.) All of this, he says, aggravated his mental health condition and caused him to kick his cell door, prompting guards to respond by allegedly stripping Annabel naked, placing him in a restraint chair in his cell, and brandishing a taser. (*Id.*) Annabel says he felt humiliated by these incidents. (*Id.* at PageID.1071.)

In his amended complaint, Annabel named six defendants in their official and individual capacities—Sheriff Gary Schutte, Deputy Sheriff Ryan Steverson, Deputy

Sheriff Jacob Sibson, Deputy Sheriff Matthew Wetmore, and Sergeant Pedro Peraza (the "Jackson County Defendants"), and clinician Sara Daniels (of Lifeways, Inc.). (ECF No. 96.) He alleges the defendants used excessive force, failed to protect him from that force, and "had a policy or custom of deliberate indifference to the mistreatment and medical needs of mentally ill inmates" (ECF No. 111, PageID.1285–1287) in violation of the Fourteenth Amendment. (ECF No. 96, PageID.1076–1077.) Further, he claims that Defendants discriminated against him and failed to accommodate his mental health needs in violation of the Fourteenth Amendment and the Americans with Disabilities Act. (*Id.* at PageID.1077.) Finally, he claims intentional infliction of emotional distress and gross negligence under state law. (*Id.* at PageID.1077–1078.) For these alleged violations, Annabel is seeking declaratory, injunctive, compensatory, and punitive relief, in addition to costs and attorney's fees. (*Id.* at PageID.1078–1080.)

All pre-trial matters were referred to Magistrate Judge Anthony P. Patti. (ECF No. 20.) After some time for discovery, the Jackson County Defendants moved for summary judgment, asserting that Annabel "failed to demonstrate an underlying constitutional violation, [and] he also otherwise lacks sufficient evidence that demonstrates a genuine dispute of a material fact regarding his claims." (ECF No. 105, PageID.1137.) Before the Court is Judge Patti's report and recommendation to grant the Jackson County Defendants' motion for summary judgment.[1] (ECF No.

---

[1] Lifeways, Inc. Defendant Daniels has also filed a motion for summary judgment (ECF No. 126) that remains pending.

130.) Annabel timely filed objections. (ECF No. 131.) For the reasons below, the Court overrules Annabel's objections, adopts the report and recommendation in full, and grants the Jackson County Defendants' motion for summary judgment.

I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "[t]he district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The Court, though, has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs.*, LLC, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

Considering these standards, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). The Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it

3

engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing] with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

## II.

The Court has carefully reviewed Annabel's amended complaint (ECF No. 96), the Jackson County Defendants' motion for summary judgment (ECF No. 105), the parties' briefing (ECF Nos. 111, 114), Judge Patti's report and recommendation to grant the motion (ECF No. 130), Annabel's objections (ECF No. 131), and all other applicable filings and law.[2] Having conducted this *de novo* review, the Court overrules Annabel's objections and adopts Judge Patti's report and recommendation.

Annabel's five objections to the report and recommendation are frivolous and largely repeat allegations from his complaint. Annabel's first objection states that the report "omits key factual contentions" such as the alleged "unauthorized routine cell cleaning" incident (ECF No. 131, PageID.1849)—but the report discusses this incident in detail. (ECF No. 130, PageID.1819–1828.) Annabel's second objection is that the report "misconstrued Plaintiff's factual Fourteenth Amendment Due Process claims" and seems to suggest he was faulted for how he phrased his legal theories. (ECF No. 131, PageID.1853–1854 ("It is the factual content that establishes the claims and not alone how Plaintiff phrases legal theories.").) But Judge Patti did not misconstrue Annabel's claims. In fact, the report delineates Plaintiff's various

---

[2] As Judge Patti explained at the conclusion of his report and recommendation, "If the Court determines that any objections are without merit, it may rule without awaiting the response." (ECF No. 130, PageID.1844.) The Court does so here.

4

allegations and liberally construes them under the most applicable legal theory. (ECF No. 130, PageID.1822–1840.) Third, Annabel claims Judge Patti "impermissibly weigh[ed] the evidence" as to his deliberate indifference claim but offers no explanation as to how this was supposedly done. (ECF No. 131, PageID.1854–1856); *see Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) ("A party's objections are not sufficiently specific if they . . . dispute the correctness of a report and recommendation without specifying the findings purportedly in error . . . ." (cleaned up)). In his fourth objection, Annabel merely restates that he raised Fourteenth Amendment and ADA claims and insists that he "properly alleged" those claims (ECF No. 131, PageID.1856), but Annabel nowhere addresses Judge Patti's thorough analysis of those claims and why he believes that analysis was wrong (*see id.* at PageID.1856–1857); *see Bradley*, 2018 WL 5084806, at *3. Fifth and finally, Annabel challenges Judge Patti's recommendation that, if the federal claims are dismissed, the state law claims should be dismissed for lack of subject matter jurisdiction. (ECF No. 131, Page ID. 1857.) But as Judge Patti noted, it is well within the Court's discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) (ECF No. 130, PageID.1842) and is often not only permissible but advisable, *see Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims.").

This Court thus adopts the report and recommendation, finding that Judge Patti's factual conclusions are reasonable, that he appropriately applied the correct

law, and that his reasoning is sound. Indeed, for the reasons Judge Patti lays out in detail, there is no genuine dispute of material fact regarding any of Annabel's claims as to the Jackson County Defendants. (*See* ECF No. 130, PageID.1822–1842.) Annabel's objections fail to support a conclusion to the contrary. (*See* ECF No. 131.)

### III.

Accordingly, the Court OVERRULES Annabel's objections to Judge Patti's report and recommendation (ECF No. 131), ADOPTS the recommended disposition (ECF No. 130), and GRANTS the Jackson County Defendants' motion for summary judgment (ECF No. 105).

SO ORDERED.

Dated: September 26, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE
