UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT WAYNE ANNABEL, II,

     Plaintiff,

v.

JACKSON COUNTY SHERIFF
DEPARTMENT et al.,

     Defendants.

Case No. 22-12189
Honorable Laurie J. Michelson

---

**OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION [133] AND GRANTING DANIELS' MOTION FOR
SUMMARY JUDGMENT [126]**

---

Robert Annabel II is currently serving a life sentence at Ionia Correctional Facility. He has brought seventeen *pro se* lawsuits while incarcerated there, including this one—which stems from various alleged events at the Jackson County jail during a one-week period of his pre-trial detention. (ECF No. 96, PageID.1066.) Upon being booked into the jail, Annabel notified officers of his bipolar disorder and post-traumatic stress disorder. (*Id.* at PageID.1067.) But he says the jail did not meet his needs. (*Id.* at PageID.1068.) In particular, he alleges various wrongs by Sara Daniels, a professional counselor employed by LifeWays, a contractor providing mental health services to Jackson County inmates. (*Id.*; ECF No. 126, PageID.1674.) Annabel says Daniels only spoke with him for 18 minutes, denied his referral request to see a psychiatrist, and insisted he use "verbal coping skills" instead of medication, despite his medical record indicating medication treatment in the past. (ECF No. 96,

PageID.1068.) All of this, he says, aggravated his mental health condition and caused him to kick his cell door, prompting guards to respond by allegedly stripping Annabel naked, placing him in a restraint chair in his cell, and brandishing a taser. (*Id.* at PageID.1067–1072.) Annabel felt humiliated by these incidents. (*Id.* at PageID.1071.)

Annabel sues Daniels for violating his Fourteenth Amendment rights, claiming she was "deliberate[ly] indifferen[t] to his mental health needs [and acted with] reckless disregard." (*Id.* at PageID.1076–1077.) He also alleges the state law torts of intentional infliction of emotional distress and gross negligence. (*Id.* at PageID.1077–1078.) Finally, he brings a municipal liability claim against Daniels or LifeWays—it is unclear which—for having a "policy or custom of deliberate indifference to a substantial risk of . . . harm that they recklessly disregarded and [knew] to exist[.]" (*Id.* at PageID.1077.)

All pretrial matters were referred to Magistrate Judge Anthony P. Patti. (ECF No. 20.) Daniels filed a motion for summary judgment as to all claims on July 25, 2025. (ECF No. 126.) On February 4, 2026, Judge Patti issued a report and recommendation (ECF No. 133) to grant Daniels' motion for summary judgment.

Since Annabel was a parolee "arrested and held in jail for new criminal activity and not specifically for a parole violation," Judge Patti considered Annabel's claims more proper under the Eighth Amendment but also analyzed them under the Fourteenth Amendment. (*Id.* at PageID.1877–1879.)

Under the Eighth Amendment, Judge Patti concluded that Annabel failed to establish the subjective component—that the official "kn[ew] of and disregard[ed] an

excessive risk to inmate health or safety." (ECF No. 133, PageID.1880.) Judge Patti made this determination based on the evidence that Daniels was not authorized to prescribe medication or refer a patient to the hospital but reported her concerns about Annabel to a jail nurse who could do those things. (*Id.* at PageID.1884.) And while Annabel considered their phone call to be "poor means of evaluating a patient's demeanor and mental health needs[,]" (ECF No. 128, PageID.1745–1756), Judge Patti concluded that it did not constitute "deliberate indifference" or "cruel and unusual punishment." (ECF No. 133, PageID.1887.) Finally, Judge Patti rejected Annabel's claim that Daniels failed to provide follow up care because "there is no evidence that there was an opportunity" to do so. (*Id.* at PageID.1892.)

As to the Fourteenth Amendment claim, Judge Patti concluded that, at most, Daniels' failure to refer Annabel to a psychiatrist would be negligence, which is insufficient to establish that she "*intentionally* disregarded Plaintiff's serious medical need[,]" or "*recklessly* failed to act reasonably to mitigate an excessive risk to Plaintiff's health or safety." (*Id.* at PageID.1983 (citing ECF No. 126, PageID.1686.)) This is because, as Judge Patti noted, Danies' role was limited to assessing suicide risk, not making referrals or prescribing medication, so failing to provide "extra steps" as to referral or follow up care does not violate the Fourteenth Amendment (*Id.* at PageID.1983–1985.) And even if Daniels violated LifeWays' policy regarding face-to-face assessment, that too would constitute mere negligence. (*Id.* at PageID.1895–1896.)

For the municipal liability claim, Judge Patti concluded that Annabel's allegation of "an obvious failure to train Lifeways' employees" was too conclusory to even state a claim. (*Id.* at PageID.1899.)

With the disposal of the federal claims, Judge Patti recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (*Id.*)

In sum, Judge Patti recommended granting Daniels' motion for summary judgment with prejudice as to all federal constitutional claims and without prejudice as to Annabel's right to re-file the state law claims in state court. (*Id.* at PageID.1901.)

At the conclusion of his report and recommendation, Judge Patti notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.* at PageID.1901.) Since Annabel was served via mail, three days are added to the objection period under Federal Rule of Civil Procedure 6(d). The prison mailbox rule also applies, so Annabel's objections would be considered filed when he delivered them to prison authorities for mailing. In all, waiting the 17-day objection period, and allowing some time for the Court to receive objections that Annabel may have mailed, it has now been 42 days since the report and recommendation was served. No objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the magistrate judge's findings by this Court. It is well established

in the Sixth Circuit that, "so long as a magistrate judge puts the parties on notice that failure to object to an issue addressed in a report and recommendation waives the issue, 'a party shall file objections with the district court or else waive [the] right to appeal.'" *United States v. Scales*, No. 24-5905, 2025 WL 2042202, at *4 n.3 (6th Cir. July 21, 2025) (alteration in original) (quoting *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("[T]he failure to object may constitute a procedural default waiving review even at the district court level."); *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made."). The Supreme Court has held that this procedural default rule does not violate either the Federal Magistrates Act or the federal Constitution. *Thomas*, 474 U.S. at 155.

The Court therefore finds that the parties have waived further review of Judge Patti's report and recommendation and accepts the recommended disposition. (ECF No. 133.) It follows that Daniel's motion for summary judgment (ECF No. 126) is GRANTED.

SO ORDERED.

Dated: March 19, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE